# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 08-CV-1493 |
| VS. | JUDGE HAIK |
| $129,852 IN U.S. CURRENCY and 2007 CADILLAC ESCALADE TRUCK VIN 3GYFK62087G194930 | MAGISTRATE JUDGE METHVIN |

*RULING ON MOTION TO STAY*

On October 6, 2008, the government simultaneously filed the instant civil forfeiture suit, and a motion to stay the suit pending conclusion of a related criminal proceeding (Rec. Docs 1 and 2).[1] The motion to stay has been referred to the undersigned for ruling.

*Background*

The government contends that the property at issue - a 2007 Cadillac Escalade truck and $129,852 in currency - constitute proceeds from illegal drug trafficking and/or were intended to be furnished in exchange for controlled substances, and therefore are subject to forfeiture under 18 U.S.C. §981(a)(1)(C) and/or 21 U.S.C. §881(a)(6).

The government alleges as follows: DEA began a surveillance of Joseph Lee Helaire, Jr. in November, 2005 as part of an ongoing criminal investigation of a drug enterprise; on November 20, 2007, law enforcement officers seized $129,952 from Darius Fisher after he left a meeting with Helaire; prior investigation and surveillance of the meeting established that the cash was in payment for drugs Fisher had previously delivered to Helaire; during the period in

---

[1] The government alleges that the defendant currency, $129,852.00, and defendant vehicle, a red 2007 Cadillac Escalade Truck, constitute proceeds from illegal drug trafficking and/or were intended to be furnished in exchange for controlled substances, and are therefore subject to forfeiture under 18 U.S.C. §981(a)(1)(C) and/or 21 U.S.C. §881(a)(6).

question, law enforcement officers saw Helaire, and no one else, regularly using the Cadillac Escalade truck; federal agents determined that Helaire did not maintain any employment and his only known source of income was from drug trafficking; on December 17, 2007, Helaire was kidnapped and murdered by a known drug dealer; Helaire's father, Joseph Lee Helaire, Sr., thereafter took possession of the truck; DEA agents administratively seized the truck on January 29, 2008, and the cash on April 7, 2008; a claim to the truck has been filed by Helaire's father, Joseph Lee Helaire, Sr., and a claim to the cash has been filed by Dianne Glaude, Helaire's natural mother.

On July 16, 2008, the grand jury issued a 41-count indictment against ten individuals who allegedly participated in Helaire, Jr.'s drug operation. U.S. v. Darius Nathaniel Fisher, *et al*, Criminal No. 08-0205 (WDLA). The trial is currently set for September 28, 2009 before Judge Rebecca F. Doherty.

The government seeks a stay of this civil forfeiture proceeding against the defendant properties under the authority of 18 U.S.C. § 981(g) which provides in pertinent part:

> (g)(1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.
>
> \* \* \* \*
>
> (3) With respect to the impact of civil discovery described in paragraphs (1) and (2), the court may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case. In no case, however, shall the court impose a protective order as an alternative to a stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so.

(4) In this subsection, the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

(5) In requesting a stay under paragraph (1), the Government may, in appropriate cases, submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial.

"Thus, in order to grant a motion to stay under section 981(g)(1), the court must determine, first, whether a related criminal investigation or prosecution exists and, second, whether civil discovery will 'adversely affect' the ability of the government to conduct that criminal investigation or prosecution were the civil forfeiture case allowed to proceed." U.S. v. All Funds ($357,311.68) Contained in Northern Trust Bank of Florida Account Number 7240001868, 2004 WL 1834589, 2 (N. D. Tex. 2004). *See also* U.S. v. All Funds on Deposit in Suntrust Account Number xxx8359, 456 F.Supp.2d 64 (D.D.C.2006)

The government submits the affidavit of Special DEA Agent Chad Berard that, although "neither claimant is a criminal target or defendant, there is a high degree of relatedness and similarity between the parties, facts, witnesses and circumstances in the civil and criminal matters" and "to open the criminal matter to the full expanse of civil discovery would adversely affect the government's ability to conduct its investigation and complete the criminal prosecution."[2]

The government also argues that "civil discovery could compromise confidential law enforcement information, as well as provide improper opportunities for the claimant to

---

[2] Rec. Doc. 1-5.

prematurely ascertain the details of an on-going criminal investigation" and allowing the claimants to obtain discovery from the government regarding an active criminal matter while the claimants themselves or others could "potentially" remain shielded by the invocation of their Fifth Amendment privilege would hamper the government's ability to investigate and complete the criminal prosecution.[3]

The instant civil forfeiture proceeding is clearly related to the pending criminal proceeding set for trial before Judge Doherty in September, 2009. "Where a criminal investigation and a civil forfeiture action have common facts, similar alleged violations and some common parties, the actions are clearly related." U.S. v. Suntrust Account, *supra*, 456 F.Supp.2d 64, 65 (*citing* U.S. v. GAF Financial Servs., Inc., 335 F.Supp.2d 1371,1373 (S.D.Fla.2004)).

It is also clear that civil discovery is broader than that generally allowed in criminal proceedings, and that without a stay, the government's criminal case could be compromised.. A stay is therefore appropriate.

The court notes one deficiency, however. The record reflects that on October 7, 2008, the government mailed a copy of the complaint and motion to stay to Harold D. Register, Jr., attorney for claimant Dianne Glaude ( no opposition has been filed to date). However, there is no indication that a copy of the complaint and motion was mailed to claimant Joseph Lee Helaire, Sr., or that he was otherwise notified of the complaint and motion to stay.

Accordingly,

---

[3] Rec. Doc. 2, p. 6.

**IT IS HEREBY ORDERED** that the instant civil action is **STAYED** pending the conclusion of the related criminal case, U.S. v. Darius Nathaniel Fisher, *et al*, Criminal No. 08-0205 (WDLA).

**IT IS FURTHER ORDERED** that on or before **December 30, 2008,** the government shall file a certificate of service showing that a copy of the complaint and motion to stay ***and a copy of this ruling*** was mailed to Joseph Lee Helaire, Sr. A copy of the certificate of service shall be provided to the chambers of the undersigned magistrate judge.

**IT IS FURTHER ORDERED** that claimant Joseph Lee Helaire, Sr. may file a motion for reconsideration of the instant ruling within fifteen days following service of the copy of the motion to stay.

Signed at Lafayette, Louisiana, on December 17, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)